UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICKEY T. REED,<br>        Petitioner,<br>   v.<br>C. KOENIG, Warden,<br>        Respondent. | Case No. 21-01740 EJD (PR)<br><br>**ORDER OF DISMISSAL; GRANTING MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*; DENYING CERTIFICATE OF APPEALABILITY**<br><br>(Docket Nos. 2, 6) |

Petitioner, a state prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the denial of early parole consideration under California's Proposition 57. Petitioner has filed a motion for leave to proceed in forma pauperis. Dkt. Nos. 2, 6. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**I. DISCUSSION**

I.    **Standard of Review**

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in

custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. § 2243.

Rule 4 of the Rules Governing Section 2254 Cases provides: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petition."

## II.    Analysis

According to the petition, Petitioner was convicted of 10 counts under Penal Code § 288, lewd acts with a minor child under 14. Dkt. No. 1 at 2. He was sentenced on June 25, 2012, to 514 years to life in state prison. Id. at 1, 9. Petitioner claims that the Department of Corrections abused its authority in excluding him from early parole consideration under Proposition 57 because he qualifies as a nonviolent offender and is therefore eligible for participation. Id. at 10, 14. Petitioner filed a writ of habeas corpus in the state courts challenging his exclusion from early parole consideration under Proposition 57, but without success. Id. at 8.

The state superior court summarized Proposition 57 in its decision. Dkt. No. 1 at 34-39; Pet., Ex. C. In November 2016, California voters passed Proposition 57, modifying the eligibility for early parole consideration as follows:

> Under California Constitution, article I, section 32, subdivision (a)(1), "Any person convicted of a nonviolent felony offense and sentenced to state prison shall be eligible for parole consideration after completing the full term for his or her primary offense." And for purposes of section 32, subdivision (a)(1), "the full term for the primary offense means the longest term of imprisonment imposed by the court for any offense, excluding the imposition of an enhancement, consecutive sentence, or alternative sentence." CDCR was directed to "adopt regulations in furtherance of these provisions, and the Secretary of [CDCR] shall certify that these regulations protect and enhance public safety." (Cal. Const., art. I, § 32, subd. (b).)

Id., citing In re Gadlin, 31 Cal.App.5th 784, 788 (2019). Following the enactment of

2

Proposition 57, the CDCR adopted regulations defining a nonviolent offender as an inmate "who is *not* (1) condemned, incarcerated for a term of life without the possibility of parole, or incarcerated for a term of life with the possibility of parole; (2) serving a term of incarceration for a violent felony within the meaning of Penal Code section 667.5, subdivision (c); or (3) '[c]onvicted of a sexual offense that requires registration as a sex offender under Penal Code section 290." Id. at 37, citing Alliance for Constitutional Sex Offense Laws v. Dept. of Corrections and Rehabilitation, 45 Cal.App.5th 225, 229 (229) (emphasis in original) (petition for review filed March 23, 2020, S261362). Then in May 2018, the CDCR updated the regulation to define "nonviolent offender" as "*any* inmate who is *not*: (1) condemned to death; (2) currently incarcerated for a term of life without the possibility of parole; (3) currently serving a term of incarceration for a 'violent felony' as denied by Penal Code 667.5, subdivision (c); (4) currently serving a term of incarceration for a nonviolent felony offense after completing a concurrent determinate term fo a 'violent felony.'" Id., citing Alliance, supra, 45 Cal.App.5th at 230 (emphasis in original). The final regulation specifically excluded inmates "convicted of a sexual offense that currently requires or will require registration as a sex offender under the Sex Offender Registration Act, codified in sections 290 through 290.024 of the Penal Code." Id. at 38, citing Cal. Code Regs., tit. 15 § 3491(a) & (b)(3). The CDCR's rationale behind the regulations was that "[p]ublic safety requires that sex offenders be excluded from nonviolent parole consideration." Ibid.

When Petitioner filed an administrative grievance requesting early parole consideration pursuant to Proposition 57, the CDCR's Office of Appeals denied the request at the final level of review based on Petitioner's conviction under section 288(a) (lewd acts with a child under 14 years of age), in accordance with CDCR regulations. Dkt. No. 1 at 27. In his state habeas petition, Petitioner relied on the recent state appellate court's decision in Alliance, 45 Cal.App.5th 225, which invalidated the exclusion of inmates convicted of nonviolent sex offenses from early parole consideration. Dkt. No. 1 at 38. The state appellate court found that Proposition 57 "unequivocally demonstrates the

voters' intent to provide early parole consideration for *all* inmates convicted of a nonviolent offense – as opposed to only those inmates the Department believes are sufficiently unlikely to reoffend." Id., citing Alliance, 45 Cal.App.5th at 234 (emphasis in original). Nevertheless, the state superior court found that Petitioner was ultimately not eligible for nonviolent offender parole consideration because he was convicted of, and was serving time for, kidnapping to commit a lewd act in violation of section 207(b). Dkt. No. 1 at 39. It mattered not that the kidnapping was for the purpose of committing a sexual offense, which the state appellate court in Alliance had invalidated, because "kidnapping itself is one of the specifically enumerated violent felonies outlined in section 667.5 (Pen. Code § 667.5(c)(14)." Id. Therefore, the state court found Petitioner was ineligible for early parole consideration pursuant to Proposition 57, and denied the petition on May 15, 2020. Id. On February 10, 2021, the state supreme court denied the petition for writ of habeas corpus "without prejudice to any relief to which petitioner might be entitled after this court decides In re Mohammad, S259999." Id. at 8.

      First of all, Petitioner's claim that he is entitled to relief under Proposition 57 fails to state a claim for federal habeas relief. Essentially, Petitioner is claiming that the state court's decision finding him ineligible for parole consideration under Proposition 57 was incorrect. However, the Supreme Court has repeatedly held that federal habeas writ is unavailable for violations of state law or for alleged error in the interpretation or application of state law. See Swarthout v. Cooke, 562 U.S. 216, 219 (2011); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Engle v. Isaac, 456 U.S. 107, 119 (1982); Peltier v. Wright, 15 F.3d 860, 861-62 (9th Cir. 1994). It also is unavailable for alleged error in the state post-conviction review process, Franzen v. Brinkman, 877 F.2d 26, 26 (9th Cir. 1989), cert. denied, 493 U.S. 1012 (1989), or violations of the state constitution, Hinman v. McCarthy, 676 F.2d 343, 349 & n.2 (9th Cir. 1982). A petitioner may not "transform a state-law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996).

      Furthermore, even if Petitioner were to identify a violation of his rights under the Constitution or laws or treaties of the United States, the claim must be dismissed because

any claim to enforce rights under Proposition 57 must be brought in a civil rights action, if it may be brought in federal court at all. As discussed above, Proposition 57 makes parole more available for certain felons convicted of nonviolent crimes. See supra at 2-3. The state courts have "uniformly state[d] that Proposition 57 creates a mechanism for parole consideration, not a vehicle for resentencing." Daniels v. California Dep't of Corr. And Rehb., 2018 WL 489155, at *4 (E.D. Cal. Jan. 19, 2018). See, e.g., People v. Patton, 2018 WL 316967 (Cal. Ct. App. Jan. 8, 2018) (unpublished) (after trial court denied petition for resentencing on the ground that there was no resentencing option under Proposition 57 because it only provided a parole opportunity for certain inmates, Wende brief was filed in court of appeal; court of appeal rejected the appeal because a review of the record disclosed no arguable issues on appeal); (People v. Harris, 2017 WL 4230834, *2 (Cal. Ct. App. Sept. 25, 2017) (unpublished) ("even if appellant were eligible for relief under Proposition 57, he would be entitled only to parole consideration, not the resentencing or sentence modification he sought in his motion. Any determination as to appellant's right to parole must be made, in the first instance, by the appropriate agency"). In short, the addition of § 32 to Article I of the California Constitution by Proposition 57 results in some prisoners potentially becoming "eligible for parole consideration," but does nothing to undermine the validity of their existing sentences.

    Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. Skinner v. Switzer, 562 U.S. 521, 533-34 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)); see Calderon v. Ashmus, 523 U.S. 740, 747 (1998); Edwards v. Balisok, 520 U.S. 641, 648 (1997); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" Skinner, 561 U.S. at 533-34 (quoting Wilkinson, 544 U.S. at 82). The Ninth Circuit clarified that if the claim "does not lie at the 'core of habeas corpus,' it may not be brought in habeas" and therefore may only be brought under § 1983. Nettles v. Grounds, 830 F.3d 922, 931 (9th Cir. 2016) (en banc) (quoting Preiser, 411 U.S. at 487); see also Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir.

2003) ("habeas jurisdiction is absent, and a § 1983 action proper, where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence").

Here, federal habeas jurisdiction is lacking because success on Petitioner's claim would not necessarily result in his earlier release from prison. If he were to prevail on his claim that he is entitled to relief under Proposition 57, it does not necessarily follow that he will be released from prison on a date sooner than otherwise would occur. This is because Proposition 57, if it applies to him, only makes him eligible for parole consideration, and does not command his immediate release from prison. He must still be found suitable for parole before he may be released from prison.

Under Nettles, Petitioner's only potential recourse in federal court is to file a § 1983 complaint because his claim falls outside the core of habeas corpus. See, e.g., Skinner, 561 U.S. at 533-34. Although a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as a civil rights action under 42 U.S.C. § 1983, see Wilwording v. Swenson, 404 U.S. 249, 251 (1971), the Court declines to do so here. The difficulty with construing a habeas petition as a civil rights complaint is that the two forms used by most prisoners request different information and much of the information necessary for a civil rights complaint is not included in the habeas petition filed here. Examples of the potential problems created by using the habeas petition form rather than the civil rights complaint form include the potential omission of intended defendants, potential failure to link each defendant to the claims, and potential absence of an adequate prayer for relief.

Additionally, there is doubt whether the prisoner is willing to pay the $400.00 civil action filing fee to pursue his claims. While a prisoner may think he has found a loophole that allows him to avoid paying the $400.00 filing fee by filing in habeas, the loophole proves unhelpful because he ultimately cannot proceed in habeas and will be charged the $400.00 filing fee to proceed with actions challenging conditions of confinement.[1] It is not

---

[1] A prisoner is also required to pay the fee, even if granted in forma pauperis ("IFP"), by way of deductions from income to the prisoner's trust account. See 28 U.S.C. § 1915(b).

6

in the interest of judicial economy to allow prisoners to file civil rights actions on habeas forms because virtually every such case, including this one, will be defective at the outset and require additional court resources to deal with the problems created by the different filing fees and the absence of information on the habeas form.

It is important to note that the Court has not determined that a claim would succeed if brought in a civil rights action under 42 U.S.C. § 1983. The court has referred to a § 1983 as a "potential recourse" because it would be premature in this habeas action to decide whether a claim actually could be stated under § 1983, The court notes, however, that an essential element of a § 1983 claim is the violation of a right secured by the Constitution or laws of the United States, see West v. Atkins, 487 U.S. 42, 48 (1988). The court only decides today that a habeas petition is the wrong vehicle for a prisoner to pursue enforcement of any federal rights he has as a result o the passage of Proposition 57.

## II.  CONCLUSION

For the foregoing reasons, the instant petition for a writ of habeas corpus is **DISMISSED** for lack of federal habeas jurisdiction. The dismissal is without prejudice to Petitioner filing a new civil rights action asserting his challenge to application of Proposition 57 under 42 U.S.C. § 1983, preferably using the court's civil rights complaint form.

No certificate of appealability is warranted in this case. See Rule 11(a) of the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254 (requiring district court to rule on certificate of appealability in same order that denies petition). Petitioner has not shown "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Petitioner's motion for leave to proceed <u>in forma pauperis</u> ("IFP") is **GRANTED**. Dkt. No. 6. The previously filed IFP motion is **DENIED** as moot. Dkt. No. 2.

The Clerk shall enclose two copies of the court's form complaint and two copies of the court's <u>In</u> <u>Forma</u> <u>Pauperis</u> Application with a copy of this order to Plaintiff.

This order terminates Docket Nos. 2 and 6.

**IT IS SO ORDERED.**

Dated:  7/29/2021

EDWARD J. DAVILA
United States District Judge

Order of Dismissal
P:\PRO-SE\EJD\HC.21\01740Reed_dism(juris)